UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-20862-BLOOM/Otazo-Reyes**

ANGELA VALENCIA,

    Plaintiff,

v.

WAL-MART STORES, INC.,
*a foreign corporation d/b/a* Wal-Mart

JOHN DOE,
*as Store Manager*

    Defendants.
_____/

**ORDER ON AMENDED MOTION TO AMEND COMPLAINT**

**THIS CAUSE** is before the Court upon Plaintiff Angela Valencia's Amended Motion to Amend Complaint to Substitute Party Defendant, ECF No. [13] ("Motion"), filed on March 29, 2023. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") filed a Response in Opposition, ECF No. [14], to which Plaintiff filed a Reply, ECF No. [15]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.  BACKGROUND**

This case arises as a result of alleged negligence by Defendants which led Plaintiff to slip and fall to the floor. *See generally* ECF No. [1-2] ("Complaint"). The case was originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County on August 26, 2022, and removed by Defendant Wal-Mart to this Court on March 3, 2023. ECF No. [1].

On March 28, 2023, the Court entered its Scheduling Order, ECF No. [12], setting a deadline of May 29, 2023, for amendment of pleadings. In the Motion, Plaintiff requests that the

Court grant leave to file an Amended Complaint to substitute Ken Edgecombe ("Edgecombe") for John Doe as a Defendant. ECF No. [13]. Plaintiff explains that John Doe was named a defendant in this action and identified as the manager of the Wal-Mart store at the time of Plaintiff's accident at the store. *Id.* ¶ 2. Plaintiff states that she has since learned that Ken Edgecombe was the assistant manager on duty at the Wal-Mart store and seeks the Court's permission to substitute Ken Edgecombe for John Doe and to have him served. *Id.* ¶¶ 3-4. Defendant responds that the Motion should be denied because (1) the proposed Amended Complaint seeks to destroy diversity jurisdiction, and (2) Plaintiff fails to state any proper cause of action against Edgecombe. *See generally* ECF No. [14].

## II.     LEGAL STANDARD

### A. Amendment

Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A plaintiff should be afforded the opportunity to test its claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman*, 371 U.S. at 182.

### B. Fraudulent Joinder

Pursuant to 28 U.S.C. § 1447, "if after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Gallup v. Wal-Mart Stores E., LP*, No. 20-CV-14131, 2020 WL 5981473, at *1 (S.D. Fla. Oct. 8, 2020) ("When a plaintiff seeks to join a party that would destroy diversity jurisdiction after removal, the analysis begins with 28 U.S.C. § 1447(e) rather than the liberal amendment standards of Fed. R. Civ. P. 15."). Thus, in such situations, the court has "only two options: (1) deny joinder; or (2) permit joinder and remand [the] case to state court." *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).

"A post-removal request to join a non-diverse party defendant 'is left to the discretion of the district court.'" *Laposa v. Walmart Stores E. LP*, No. 2:20-cv-182-FtM-29NPM, 2020 WL 2301446, at *2 (M.D. Fla. May 8, 2020) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992). In deciding whether to permit amendment to join a non-diverse party, courts consider several factors, including:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking amendment, (3) whether the plaintiff would be significantly injured if the amendment were not permitted, and (4) any other factors bearing on the equities.

*Gardner v. Eco Lab Inc.*, No. 07-80163-CIV, 2007 WL 9701821, at *2 (S.D. Fla. May 9, 2007) (citation omitted); *see also Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)) ("*Hensgens* factors). "Additionally, the Court should also consider whether the joinder of the non-diverse party is fraudulent." *Laposa*, 2020 WL 2301446, at *2 (citation omitted).

III. DISCUSSION

Plaintiff asserts that at the time this lawsuit was filed she did not know the name of the manager on duty at the time of her accident and accordingly named John Doe, identified as the manager of Wal-Mart at the time of her accident, as a Defendant in this case. ECF No. [13] ¶¶ 1-2. She argues that this is not a case of fraudulent joinder because she "is not seeking to add an 'additional defendant' but is solely seeking Court approval to amend the name of the existing defendant, JOHN DOE, to the correct name of the responsible party, KEN EDGCOMBE [sic]" ECF No. [15] ¶ 5.

Defendant argues that leave to amend should be denied because Plaintiff is seeking to add Edgecombe to defeat diversity jurisdiction. "A defendant seeking to establish fraudulent joinder must demonstrate by clear and convincing evidence that 'there is no possibility the plaintiff can establish a cause of action against the resident defendant.'" *Laposa*, 2020 WL 2301446, at *3 (quoting *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)); *see Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court."). Defendants contend further that Plaintiff does not state a claim against Edgecombe because she fails to allege any personal fault against him.

"Under Florida law, an officer or employee of a company may be personally liable for a tort, even if that employee was operating within the scope of his or her employment, if the employee's acts were due to *personal* fault." *Gallup v. Wal-Mart Stores E., LP*, No. 20-CV-14131, 2020 WL 5981473, at *1 (S.D. Fla. Oct. 8, 2020) (citation omitted) (citing *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005)). To state a negligence claim against a store

manager in possession and control of the premises, "the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." *White*, 918 So. 2d at 358 (citing *McElveen v. Peeler*, 544 So. 2d 270, 272 (Fla. 1st DCA 1989)). Allegations that a manager was "directly responsible for carrying out certain responsibilities; that he negligently failed to do so; and that, as a result, [the plaintiff] was injured[,]" are sufficient. *Id*.

Wal-Mart argues that "Plaintiff fails to allege any facts to support an inference that Edgecombe, in his individual capacities, owed or breached any duty of care through personal fault." ECF No. [14] ¶ 14. Plaintiff's proposed Amended Complaint alleges that Edgecombe "was in control of and responsible for the area in or around the store floors open to the public." ECF No. [13-1] ¶ 15. Plaintiff alleges that Edgecombe's duties include "the person in control of the area in or around the self-checkout lanes . . . was to: a) conduct, personally or through those under her [sic] control, reasonable periodic inspections, at reasonable intervals to discover and to remove dangerous substances, including liquids and debris, on the floor of said premises and to clean up or remove such dangerous substances prior to business invitees being injured thereby; and b) to so arrange signs and products for sale such as not to distract the attention of persons, such as Plaintiff. . . while shopping in and at said premises." *Id*. ¶ 21. Plaintiff further alleges that store overhead cameras "were without necessary film or were not in working order, so that dangerous conditions could and would be timely viewed if the cameras were viewed as they were intended, which was one of the responsibilities of Defendant, [Edgecombe], during the period that she [sic] was in control of said store, and which duty she [sic] failed to perform." *Id*. ¶ 22. Plaintiff alleges that but for the negligent failure of Defendant Edgecombe Plaintiff would not have fallen and sustained an injury because the dangers condition which caused her fall would have been observed in time to

have been corrected. *Id.* ¶ 23, 25. Those allegations are sufficient to state a plausible claim for relief against Edgecombe.

Defendants have set forth the Declaration of Edgecombe to contradict Plaintiff's allegations. ECF No. [14-1]. The Eleventh Circuit has determined that a court may consider affidavits to determine whether a defendant was fraudulently joined. *Pacheco*, 139 F.3d at 1380 (11th Cir. 1998)   In his Declaration, Edgecombe refutes the claim that he was in control of or responsible for the area in which Plaintiff fell. *See id.* ¶ 13. Specifically, Edgecombe states that he "did not, and ha[s] not at any time, owned, controlled, or operated the subject Walmart store in [his] individual capacity or as a Walmart employee." *Id.* Although Plaintiff does not supply her own Declaration in response, she clearly refutes Edgecombe's Declaration, arguing that "[t]he self-serving affidavit attached to the Defendant's Memorandum in Opposition does not dispute all of the allegations made against him in the complaint." ECF No. [15] ¶ 8. She also submitted Wal-Mart's Responses to Interrogatories identifying Edgecombe as the assistant manager with knowledge of the incident. *Id.* at 11. Plaintiff contends that because she has not had an opportunity to depose Edgecombe to challenge his Declaration, it would be inappropriate for the Court to consider it at this time as it is more properly suited to a summary judgment argument. *Id.* ¶¶ 9-10. Although the Court considers the Declaration, it finds that it is not dispositive of the factual issues contained within Plaintiff's claim against Edgecombe, including whether Edgecombe was on constructive notice of the dangerous condition. *See Krobatsch v. Target Corp.*, No. 20-CV-81552, 2020 WL 6375175, at *4 (S.D. Fla. Oct. 30, 2020)

Wal-Mart cites to *Watts v. Wal-Mart Stores E., LP*, in which another court in this district held that the manager of a Walmart store was fraudulently joined, noting that the plaintiff "fail[ed] to state personal actions or omissions on [the part of the manager] which gave rise to Plaintiff's

injury." No. 22-CV-62350, 2023 WL 2028384, at *3 (S.D. Fla. Feb. 16, 2023). Here, in contrast, Plaintiff has alleged that, but for Edgecombe's failure to maintain the store overhead cameras and conduct or assign others to conduct reasonable periodic inspections and arrange signs and products for sale so as not to distract patrons, she would not have fallen and sustained an injury. ECF No. [13-1] ¶¶ 21-25.

Because Plaintiff's attempt to amend and substitute Edgecombe for John Doe does not amount to a fraudulent joinder, the Court finds no reason not to permit amendment. Moreover, Plaintiff has not been dilatory in seeking amendment—the Motion was filed within the time set forth in the Court's Scheduling Order, ECF No. [12], to amend the pleadings or join parties.

Lastly, Plaintiff would be prejudiced if the Court were to deny leave to amend. This is especially true in light of the Court's determination that the proposed Amended Complaint states a colorable claim against Edgecombe. If the Court were to deny amendment, Plaintiff would otherwise be forced to pursue litigation against Edgecombe in state court and against Wal-Mart in federal court. *See Kelly v. Stillwater Pres. Dev., LLC*, 2018 WL 7460057, *2 (M.D. Fla. Nov. 14, 2018) ("In determining whether to permit joinder and remand to state court, the harm resulting from forcing Plaintiffs to pursue parallel litigation in federal and state court is considered." (citation omitted)). While Wal-Mart may have an interest in proceeding in a federal forum, denying leave to amend will not only result in multiple lawsuits on the same essential subject matter, but will also run afoul the interest of the public and the courts in the complete and efficient resolution of controversies.

Therefore, based on the foregoing, the Court concludes that granting Plaintiff leave to file the Amended Complaint to substitute Edgecombe for John Doe as a Defendant is appropriate under the circumstances.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [13]**, is **GRANTED**.

2. Plaintiff shall separately file her Amended Complaint, **no later than May 5, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 28, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record