UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-20862-BLOOM/Otazo-Reyes**

ANGELA VALENCIA,

    Plaintiff,

v.

WAL-MART STORES, INC.,
*a foreign corporation d/b/a* Wal-Mart

JOHN DOE,
*as Store Manager*

    Defendants.
_____/

## ORDER REMANDING

**THIS CAUSE** is before the Court upon a *sua sponte* review of Plaintiff's Amended Complaint, ECF No. [20]. This case was previously removed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart") to this Court on March 3, 2023. ECF No. [1]. For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction, and the case must be remanded.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). This is because federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)) (internal quotation marks omitted); *see*

Case No. 23-cv-20862-BLOOM/Otazo-Reyes

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d at 410 (alteration added).

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). Under 28 U.S.C. § 1331, district courts have jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

In its Notice of Removal, Defendant Wal-Mart asserted that this Court has diversity jurisdiction because Plaintiff is a resident of Miami-Dade County Florida and Defendant Wal-Mart is a Delaware corporation with a principal place of business in Bentonville, Arkansas. ECF No. [1] ¶¶ 10-11. The Amended Complaint asserts a claim against Ken Edgecombe, a resident of Miami-Dade County, Florida. ECF No. [20]. The Court has already held that this was not an instance of fraudulent joinder. *See* ECF No. [19]. Because Plaintiff and Defendant Ken Edgecombe are both residents of Miami-Dade County there is not complete diversity of citizenship. The Court also lacks jurisdiction based on a specific statutory grant or federal question jurisdiction.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 23-cv-20862-BLOOM/Otazo-Reyes

1. This case is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. The Clerk is **DIRECTED TO CLOSE** this case.

3. Any pending motions are **DENIED AS MOOT**.

4. Any pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 4, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record